IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHASE OLSEN and** | ) | |
| **SHERREE OLSEN,** | ) | **C.A. No. 18-292 Erie** |
|       **Plaintiffs** | ) | |
| **v.** | ) | |
| | ) | |
| **J.W. DIDADO ELECTRIC, LLC,** | ) | |
|       **Defendant** | ) | |
| | | |
| **KATHY A. FILKINS,** | ) | |
|       **Plaintiff** | ) | **C.A. No. 18-106 Erie** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **HIGH LINE HELICOPTERS, LLC,** | ) | |
|       **Defendant.** | ) | |
| | | |
| **AMBER KOON,** | ) | |
|       **Plaintiff** | ) | **C.A. No. 18-105 Erie** |
| | ) | |
| **v.** | ) | |
| | ) | **District Judge Susan Paradise Baxter** |
| **HIGH LINE HELICOPTERS, LLC,** | ) | **Special Master Sean J. McLaughlin** |
|       **Defendant.** | ) | |

**MEMORANDUM ORDER**

**I.     BACKGROUND**

This matter is a consolidated civil action arising from a helicopter crash that occurred on April 8, 2018, in or around Smethport, Pennsylvania. The helicopter was piloted by Plaintiff Chase Olsen ("Olsen"), an employee of High Line Helicopters, LLC ("HLH"), which was contracted by Defendant J.W. Didado Electric, LLC ("Didado") to fly Didado's electrical workers, Michael Koons ("Koons") and Shane Filkins ("Filkins"), near power lines and electrical

1

structures so that they could perform electrical work from the air. Tragically, while Koons and Filkins were performing their work, the helicopter skid came in contact with the power lines, causing the helicopter to rapidly descend to the ground. Both Koons and Filkins were killed in the crash and Olsen suffered serious injuries.

The original action (C.A. No. 18-292) was filed by Olsen and his wife (collectively, the "Plaintiffs") against Didado, claiming that the negligence of Didado's employees, Koons and Filkins, was the proximate cause of the crash. Prior to commencement of discovery in that case, the parties entered into a confidentiality agreement (the "Confidentiality Agreement") which was adopted by this Court pursuant to a stipulated protective order dated April 12, 2019 (the "Protective Order") [ECF Nos. 28-1 and 29].

On August 13, 2019, Plaintiffs' action against Didado was consolidated with companion actions that were subsequently filed by Koons and Filkins against HLH. For ease of administration, the consolidated matters were referred to former United States District Judge Sean J. McLaughlin, who was appointed as Special Master for all discovery-related matters. [ECF No. 39].

On April 6, 2020, Plaintiffs filed a new civil action in the District Court of Harris County, Texas ("Texas Action"), against Didado's parent corporation, Quanta Services, Inc. ("Quanta"), claiming that Quanta's negligence was the proximate cause of the helicopter crash at issue in this case. In particular, Plaintiffs allege that Quanta failed to ensure that its safety manual and procedures were followed by Didado in connection with the training of Koons and Filkins. Upon review of the Texas Action, Didado found that the petition contained information derived from confidential discovery material disclosed in this case, including references to the contents of Quanta's Safety, Health and Environmental Program Manual ("Safety Manual") and allegations

pertaining to the employment records of Koons and Filkins. As a result, Didado's counsel notified Plaintiffs' counsel that he considered the use of the confidential discovery material in the Texas Action to be a violation of the Confidentiality Agreement and Protective Order. In response, Plaintiffs took action to redact the confidential material from the Texas petition.

Nonetheless, on June 17, 2020, Didado filed a motion for contempt order and to enjoin duplicative civil action [ECF No. 43], which is presently pending before this Court. In this motion, Didado asks the Court to enjoin the Texas Action from proceeding under the first-filed rule, Anti-Injunction Act and/or pursuant to the Court's contempt power. The motion was fully briefed by the parties, and oral argument was subsequently held before the Special Master on August 12, 2020. Following oral argument, the Special Master issued a Report and Recommendation ("R&R") recommending that Didado's motion to enjoin the Texas action be denied under both the first-filed rule and Anti-Injunction Act, but that its motion for contempt be granted with an award of reasonable attorneys' fees incurred by Didado in prosecuting the motion. [ECF No. 63].

Plaintiffs have filed objections to the R&R challenging several aspects of the R&R's findings and conclusions [ECF No. 64]. In addition, Plaintiffs have also filed a motion to modify the R&R [ECF No. 65], essentially reiterating their objections and seeking modification of the R&R based on those objections. Didado has filed its own "limited objection" to the R&R [ECF No. 66], arguing that "the recommended remedy or sanction for [Plaintiffs'] adjudicated contempt of Court fails to 'achieve full remedial relief." Both parties' objections and Plaintiffs' motion to modify have been fully briefed.

## II.    DISCUSSION

**A.     Plaintiffs' Objections**[1]

**1.     The R&R Does Not Address Didado's Arguments for Civil Contempt**

Plaintiffs object that the Special Master didn't specifically address Didado's argument that the Court "use its inherent contempt power to enjoin the Texas action." (ECF No. 64, at p. 4). Similarly, Plaintiffs object to the Special Master's recommendation that the Court use its inherent contempt power to grant relief that Didado did not specifically request. (Id. at pp. 11-13). These Objections are unavailing.

First, while the Special Master did not engage in a lengthy discussion regarding Didado's requested relief, he did expressly conclude that "enjoining the Texas Action would be [an] inappropriate" use of the Court's inherent contempt power in this case. (ECF No. 63, at p. 12). Thus, it is apparent that Didado's requested relief was appropriately considered by the Special Master.

Second, as cited in the R&R, "District courts hearing civil contempt proceedings are afforded *broad discretion to fashion a sanction that will achieve full remedial relief*." John T. ex. rel. Paul T. v. Del. Cnty., 318 F.3d 545, 554 (3d Cir. 2003) (emphasis added). (Id. at p. 9). Thus, neither the Special Master, nor this Court, is bound to adhere to the relief requested by the movant in a civil contempt proceeding. The Special Master's decision to recommend imposition of a sanction different from that requested by Didado was firmly within his discretion.

---

[1] In addition to the objections specifically addressed herein, Plaintiffs also object to the Special Master's omission of certain factual findings and the alleged impropriety of Didado's raising of new arguments in its reply brief. The Court finds these objections to be inconsequential to this ruling.

**2.      The Special Master's Basis for Finding Civil Contempt is Flawed**

Plaintiffs' objections challenging the grounds for the Special Master's finding of civil contempt are equally unavailing. Notably, the Special Master cites and applies the appropriate standard for finding civil contempt, and correctly notes that "willfulness is not a necessary element of civil contempt." (R&R at p. 9, citing Robin Woods, Inc. v. Woods, 28 F.3d 396, 400 (3d Cir. 1994)). Plaintiffs' demand for further particularity regarding the grounds for the Special Master's finding is unwarranted, as is their argument that a finding of egregious conduct, bad faith and/or willful misconduct is necessary to invoke the Court's contempt power.

**3.      The Stated Basis for the Special Master's Fee Award is Unsupported**

Plaintiffs object to the Special Master's finding that an award of reasonable attorneys' fees is an appropriate sanction against Plaintiffs "to coerce future compliance with the Court's Protective Order and to compensate the Defendant for losses sustained for the disobedience." (ECF No. 64, at pp. 13-16; R&R at p. 12). This objection is also baseless.

First, Plaintiffs argue that Didado never offered any evidence of losses it sustained as a result of Plaintiffs' disobedience. However, it is beyond dispute that Didado incurred attorneys' fees in bringing Plaintiffs' violation of the Protective Order to the Court's attention. As the Third Circuit has recognized, "the cost of bringing the violation to the attention of the court is part of the damages suffered by the prevailing party and those costs would reduce any benefits gained by the prevailing party from the court's violated order." Robin Woods, Inc., 28 F.3d at 400, quoting Cook v. Ochsner Found. Hosp., 559 F.2d 270, 272 (5th Cir.1977). Thus, the Special Master's recommendation of an award of reasonable attorneys' fees "incurred by the Defendant in prosecuting its motion" is plainly warranted.

5

Second, Plaintiffs object that the R&R fails to specify how an award of attorneys' fees is necessary to "coerce" Plaintiffs into "any further action to comply with the Protective Order" (ECF No. 64, at p. 16); yet, the coercive effect of a fee award is evident -- it puts Plaintiffs on notice that further violations of the Protective Order will not be tolerated and will likely result in additional sanctions. The fact that this is not expressly stated in the R&R is of no moment.[2]

**B.     Didado's Limited Objection**

Didado objects to the R&R on the limited ground that "the recommended remedy or sanction for [Plaintiffs'] adjudicated contempt of Court fails to 'achieve full remedial effect.'" (ECF No. 66, at p. 2). In particular, Didado characterizes the recommended fee award as a "slap on the wrist" and argues that Plaintiffs "must at a minimum be denied the use and benefit of the confidential documents and information that [they] misappropriated from Didado and this Court." (Id. at p. 4). However, such relief was never previously requested by Didado before the Special Master. Didado cannot now raise new arguments before this Court on objections, as courts within this circuit deem such arguments waived. See, e.g., Washington v. Gilmore, 2021 WL 688088 at *2 (W.D. Pa. Feb. 23, 2021) (listing cases); Hawes v. Mahalley, 2020 WL 1508267 (E.D. Pa. Mar. 30, 2020) ("It is well settled that arguments cannot be raised for the first time in an objection to a … report and recommendation; rather, any such arguments are deemed waived"); McClung v. 3M Company, 2019 WL 4668053, at *7 (D.N.J. Sept. 25, 2019) ("It is axiomatic that a party who fails to properly assert an argument before … cannot raise it for the first time on an objection to an R&R"); Vonville v. Kerestes, 2019 WL 1040747, at *12 (M.D.

---

[2] Because Plaintiffs' objections are virtually identical to the grounds for modification raised in their pending motion to modify the Special Master's R&R [ECF No. 65], there is no need to address the motion separately. Suffice it to say that the motion will be denied for the same reasons noted with regard to Plaintiffs' objections.

Pa. Mar. 5, 2019) ("It is well-settled that 'issues raised for the first time in objections … are deemed waived'").

After *de novo* review of the documents in this case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 29th day of March, 2021;

IT IS HEREBY ORDERED that Didado's motion for contempt order and to enjoin civil action [ECF No. 43] is denied as to Didado's motion to enjoin the Texas Action, but granted as to Didado's motion for contempt order insofar as reasonable attorneys' fees are awarded against Plaintiffs and/or Plaintiffs' attorney(s) as hereafter determined by the Special Master. This matter is referred back to the Special Master for a determination of the amount of the reasonable attorneys' fees to be awarded and the individuals against whom such award should be assessed.

IT IS FURTHER ORDERED that Plaintiffs' motion to modify the Special Master's Report & Recommendation [ECF No. 65] is DENIED. The report and recommendation of Special Master Sean J. McLaughlin issued August 26, 2020 [ECF No. 63], is adopted as the opinion of the Court.

SUSAN PARADISE BAXTER
United States District Judge

cc: Special Master Sean J. McLaughlin